IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN E. MEJIA | § | |
| Plaintiff, | § | |
| VS. | § | NO. 3-11-CV-0541-N-BD |
| BAC HOME LOANS SERVICING, LP | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant BAC Home Loans Servicing, L.P. ("BAC") has filed a Rule 12(b)(6) motion to dismiss this *pro se* civil action brought by Juan E. Mejia arising out of foreclosure proceedings initiated against his property in Dallas, Texas. As best the court can decipher his pleadings, plaintiff generally complains that defendant rejected all attempts by him to bring his account current and avoid foreclosure. (*See* Plf. Am. Orig. Pet. at 3-4, ¶¶ 10-16). Based on this conduct, plaintiff sues for: (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) unreasonable collection efforts, (4) negligent misrepresentation, (5) gross negligence, and (6) violations of the Texas Property Code and the Texas Debt Collection Practices Act. Defendant now moves to dismiss all claims and causes of action. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

Because defendant relies on matters outside the pleadings, including the Deed of Trust and Assignment of Note and Deed of Trust, the court treats this motion as one for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d).[1] Summary judgment is proper when "there is no genuine

---

[1] Plaintiff was duly notified that the court intended to treat defendant's motion to dismiss as one for summary judgment, and was given an opportunity to present all material pertinent to the motion. *See* Order, 5/27/11 at 1, *citing* FED. R. CIV. P. 12(d).

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Judged against this standard, defendant is entitled to summary judgment on plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing. According to plaintiff, defendant "purposely delayed and misled [him] to a point of foreclosure" by refusing to accommodate efforts to bring his mortgage up-to-date. (*See* Plf. Am. Orig. Pet. at 5, ¶ 18). Plaintiff alleges that this unjustified refusal not only breached the Deed of Trust, but also violated the "requirement of good faith and fair dealing [that] is included in the performance of every contract." (*Id.*). However, plaintiff points to no specific provision in the Deed of Trust that was breached by defendant. *See Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-G-BD, 2011 WL 2516169 at *1 (N.D. Tex. May 27, 2011), *rec. adopted*, (N.D. Tex. Jun. 22, 2011), *citing Case Corp. v. Hi-Class Business Sys. of America, Inc.*, 184 S.W.3d 760, 769-70 (Tex. App.--Dallas 2005, pet. denied) ("A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform."). Nor does Texas law recognize a common law duty of good faith and fair

dealing in transactions between a mortgagee and mortgagor, absent a "special relationship[ ] marked by shared trust or an imbalance in bargaining power." *See id., citing Chapa v. Chase Home Finance, L.L.C.*, No. C-10-359, 2010 WL 5186785 at *6 (S.D. Tex. Dec. 15, 2010). Plaintiff does not allege any facts in his complaint, much less adduce any evidence, to suggest that he had a "special relationship" with defendant. These claims should be dismissed.

Likewise, plaintiff has failed to plead sufficient facts to support a claim for unreasonable collection efforts under Texas law. In his complaint, plaintiff generally alleges that:

> BAC HOME LOANS SERVICINGS L.P. failed to provide JUAN E. MEJIA with correct amounts due, imposed additional charges upon JUAN E. MEJIA'[s] mortgage loan account, failed to credit JUAN E. MEJIA'[s] payments, and deceptively attempting [sic] to foreclosure, BAC HOME LOANS SERVICINGS L.P. has slandered JUAN E. MEJIA'[s] credit reputation, defamed his credit, and exposed him to ridicule in the community, thereby causing him further economic damages.

(*See* Plf. Am. Orig. Pet. at 6, ¶ 19). The tort of unreasonable collection efforts requires more than plaintiff has alleged in his pleadings. It requires plaintiff to plead facts that amount to "a course of harassment" by defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See Coleman,* 2011 WL 2516169 at *2, *citing Burnette v. Wells Fargo Bank, N.A.*, No. 4-09-CV-370, 2011 WL 676955 at *6 (E.D. Tex. Jan. 27, 2011), *rec. adopted,* 2011 WL 675392 (E.D. Tex. Feb. 16, 2011). Plaintiff's allegations do not even approach that standard.

With respect to his claim for gross negligence, plaintiff has not alleged any facts giving rise to a legal duty on the part of defendant. *See id., citing Fankhauser v. Fannie Mae*, No. 4-10-CV-274, 2011 WL 1630193 at *9 (E.D. Tex. Mar. 30, 2011), *rec. adopted,* 2011 WL 1630177 (E.D. Tex. Apr. 29, 2011) ("The threshold inquiry regarding a gross negligence claim is whether a legal duty existed."). Plaintiff has failed to state a claim for negligent misrepresentation because he has not

identified any representations by defendant or described how, if at all, he relied on such representations or whether such representations caused him harm. *See id., citing Biggers v. BAC Home Loans Servicing, L.P.*, ___ F.Supp.2d ___, 2011 WL 588059 at *7 (N.D. Tex. Feb. 10, 2011), *citing Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

That leaves plaintiff's statutory claims for violations of the Texas Property Code and the Texas Debt Collection Practices Act. Plaintiff appears to allege that defendant violated the Texas Property Code because it did not prove physical possession of the original promissory note before initiating foreclosure proceedings against his property. (*See* Plf. Am. Orig. Pet. at 5, ¶ 17). A similar claim was rejected by this court in *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N (N.D. Tex. Apr. 16, 2010), *appeal dism'd*, No. 11-10069 (5th Cir. Apr. 21, 2011). In *Dillard*, the plaintiffs alleged that defendants violated one or more provisions of the Texas Property Code and other statutes because they failed to issue proper notices before initiating foreclosure proceedings, did not record transfers of the lien prior to accelerating the note, and failed to produce the original promissory note. Those claims were dismissed at the pleading stage because the plaintiffs failed to identify any statutory provision that required the defendants to take such actions. *See Dillard*, No. 3-10-CV-0091-N, op. at 4-5. The same is true here. Nowhere in his complaint does plaintiff cite any statute or other authority that requires a mortgagee or mortgage servicer to produce the original note before initiating foreclosure proceedings. To the contrary, the Texas Property Code allows either a mortgagee or mortgage servicer to administer a deed of trust foreclosure *without* production of the original note. *Id.*, op. at 4 n.1, *citing* TEX. PROP. CODE ANN. §§ 51.002, 51.0025 (Vernon 2007); *see also Coleman*, 2011 WL 2516169 at *2; *Broyles v. Chase Home Finance*, No. 3-10-CV-2256-G, 2011 WL 1428904 at *3 (N.D. Tex. Apr. 13, 2011); *Crear v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0463-N, Mag. J. F&R at 4-5 (N.D.

Tex. Jul. 22, 2010), *rec. adopted*, (N.D. Tex. Aug. 19, 2010), *aff'd*, No. 10-10875, 2011 WL 1129574 (5th Cir. Mar. 28, 2011); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *3 (N.D. Tex. Feb.1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010).

Finally, plaintiff alleges that defendant violated the Texas Debt Collection Practices Act ("TDCPA"), codified at Tex. Fin. Code Ann. § 392.001, *et seq.*, by misrepresenting the amounts due on his mortgage loan, by wrongfully accelerating the loan and posting the property for foreclosure, by imposing wrongful charges on his mortgage account, and by failing to properly credit his payments. (*See* Plf. Am. Orig. Pet. at 7, ¶ 22). Like his other claims, plaintiff does not point to any threats, prohibited actions, or false and deceptive statements by defendant that violate the TDCPA. His vague, generalized, and conclusory allegations are insufficient to avoid dismissal of this claim. *See Holley v. Bank of America National Ass'n*, No. 3-10-CV-2261-B, 2011 WL 1303252 at *2 (N.D. Tex. Apr. 4, 2011) (dismissing claim for violations of TDCPA where plaintiff failed to identify specific acts or practices that were prohibited by statute).

## RECOMMENDATION

Defendant's Rule 12(b)(6) motion to dismiss [Doc. #11], which the court treats as a Rule 56 motion for summary judgment, should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE